Jonathan G. Fetterly (State Bar No. 228612)
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Telephone: (213) 572-4300
Facsimile: (213) 572-4400
E-mail: jon.fetterly@hro.com

Attorney for Plaintiffs
ATLANTIC RECORDING CORPORATION; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; and MAVERICK RECORDING COMPANY

FILED 08 JAN 31 PM 2:38 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and MAVERICK RECORDING COMPANY, a California joint venture,<br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1 - 2,<br><br>Defendants. | Case No.: '08 CV 0190 JLS AJB<br><br>EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY |

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.[1]

2. As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true names of the Doe Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and time of that Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify each Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

///

///

///

///

///

[1] Because Plaintiffs do not yet know the Doe Defendants' true identities, Plaintiffs are unable to personally serve them with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("If the person served has no known address, [service under Rule 5(a) is made by] leaving a copy with the clerk of the court.") and will serve the Doe Defendants' ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify each of the Doe Defendants of the subpoena and provide them with an opportunity to object.

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: January 31, 2008

JONATHAN G. FETTERLY
HOLME ROBERTS & OWEN LLP

By: ______________________________
Jonathan G. Fetterly
Attorney for Plaintiffs
ATLANTIC RECORDING CORPORATION; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; and MAVERICK RECORDING COMPANY