cal______

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDING, a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and MAVERICK RECORDING COMPANY, a California joint venture,<br><br>Plaintiff,<br>v.<br><br>DOES 1 - 2,<br><br>Defendants. | Civil No. 08CV0190 JLS (AJB)<br><br>ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY<br>[Doc. No. 3] |

On January 31, 2008, Plaintiffs filed a complaint against the Doe Defendants for copyright infringement, alleging that Defendants used an online media distribution system to download and distribute copyrighted works. Plaintiffs do not know the name of the Doe Defendants, but have identified the unique Internet Protocol address assigned to Defendants at the date and time of the alleged infringing activity and have also identified the Internet Service Provider that provided Defendants with internet access at the date and time of the alleged infringing activity. Simultaneous to their complaint, Plaintiffs have filed an Ex Parte Application seeking leave of the Court to serve immediate discovery on the Internet Service Provider, The University of California at San Diego, to identify Defendants.

Plaintiffs intend to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on the University of California at San Diego seeking documents that identify Defendant's true names, current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses.

In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless by court order or agreement of the parties. A court order permitting early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal.2002).

After reviewing Plaintiffs' Ex Parte Application to take discovery, the declaration of Carlos Linares, and the accompanying Memorandum of Law, the Court finds good cause to grant Plaintiffs' Application, based on: (1) the allegations of copyright infringement contained in Plaintiffs complaint; (2) the danger that the University of California at San Diego will not preserve the information that Plaintiffs seek; (3) the narrow tailoring of the discovery request so as not to exceed the minimum information required to advance this lawsuit without prejudicing the Defendants; and (4) the Court's finding that the expedited discovery requested will substantially contribute to moving this case forward. Furthermore, without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted works from infringement. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs may serve immediate discovery on the University of California at San Diego to obtain the identity of the Doe Defendants by serving a subpoena pursu-ant to Federal Rule of Civil Procedure 45 that seeks information sufficient to identify the Doe Defendants, including their names, current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses.

2. Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

3. If the University of California at San Diego and/or the Defendants wish to move to quash the subpoena, they shall do so before the return date of the subpoena. If such a motion is brought, the University of California at San Diego shall nonetheless preserve the information sought in the subpoena pending resolution of such motion.

4. Plaintiffs shall provide a copy of this Order to the University of California at San Diego when the subpoena is served.

IT IS SO ORDERED.

DATED: February 15, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court